IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BLAKE DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE BATISTE, LEROY KIRKEGARD, DR. KOHUT, DR. SHAFFER, DR. EDWARDS, DR. FLYN, CATHY REDFERN, CHERYL BOLTON, and DR. PERONIEN,<br><br>    Defendants. | CV 14-00081-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

## SYNOPSIS

Plaintiff Blake Davis alleges Defendants denied him medical care while he was incarcerated at Montana State Prison. Mr. Davis has failed to bring specific claims and factual allegations against specific defendants even though he was given the opportunity to correct the defects with his pleading. The case should be dismissed.

## JURISDICTION

Mr. Davis filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3).

1

The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana L. Christensen, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Davis is a prisoner proceeding in forma pauperis. He is proceeding without counsel. His claims must be reviewed to determine if the allegations are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Mr. Davis's initial Complaint failed to state a claim upon which relief could be granted, and Mr. Davis was given an opportunity to file an amended complaint. (December 30, 2014 Order, Doc. 5.) Mr. Davis has now filed his Amended Complaint. (Doc. 7.)

This is the review of the Amended Complaint. The legal standards and factual allegations applicable to this review were set forth in the Court's December 30, 2014 Order (Doc. 5) and will not be repeated herein.

## ANALYSIS

In his Amended Complaint, Mr. Davis refers to a deadly illness that is hiding inside his brain and body and causing his symptoms to come and go. (Amended Complaint, Doc. 7 at 6.) He complains that an ultrasound tech failed to finish his ultrasound on December 22, 2011. (Amended Complaint, Doc. 7 at 6.)[1] He alleges that "this deadly ellness (sic)" is attacking his brain, eyes, ears, throat, lungs, stomach, testicles, legs, arms, and feet. (Amended Complaint, Doc. 7 at 7.) The grievance forms attached to the Complaint and Amended Complaint indicate that Mr. Davis has been evaluated (although it is not clear what for) and prison medical officials determined no additional testing was indicated. (Amended Complaint attachments, Doc. 7-1 at 2-5.)

As discussed in the prior Order, to state an Eighth Amendment claim for denial of medical care a plaintiff must set forth sufficient facts to demonstrate deliberate indifference to a serious medical need. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). Mr. Davis has failed to provide sufficient facts to establish a serious medical need. In his Complaint, he made a general reference to cancer, but provided no facts regarding the type of cancer he might have or any

---

[1] Mr. Davis attached a copy of a radiology report for a testicular ultrasound done on December 22, 2011. There is no indication that the ultrasound was incomplete or prematurely stopped. (Doc. 7-1 at 1.)

other details regarding his alleged aliments. He was instructed to clarify what serious medical needs were being mistreated, but in his Amended Complaint, he merely refers to a "deadly ellness (sic)." He was told he had to provide sufficient specific facts to establish that he has a serious medical need. He failed to do so.

Mr. Davis was also instructed that he had to provide facts to allege "a purposeful act or failure to respond to [his] pain or possible medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). He was advised that in order to state a claim for denial of medical care he had to provide facts regarding his symptoms, what medical treatment he had requested, what treatment he needed, who he had asked for treatment, whether he had been seen by medical personnel, how often, and what treatment he had received. (December 30, 2014 Order, Doc. 5 at 8.)

The allegations in the Amended Complaint, however, are even more vague and conclusory than the allegations in Mr. Davis's original filing. He provided no specific information regarding his symptoms, his requests for medical treatment, or the responses of medical personnel. Mr. Davis failed to provide sufficient facts to allege a plausible claim of deliberate indifference.

Mr. Davis was also instructed that he had to set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. (December 30, 2014 Order, Doc. 5 at 5 citing

*Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)). In his Amended Complaint, he made general references to Dr. Kohut denying him emergency medical help and hospital care concerning his deadly illness. (Amended Complaint, Doc. 7 at 8.) His only specific reference to the other Defendants was a conclusory statement that they "wouldn't do anything." (Amended Complaint, Doc. 7 at 8.) These allegations are insufficient to allege the personal participation of a named defendant in an alleged violation of Mr. Davis's constitutional rights.

## CONCLUSION

The Court has reviewed all of the filings, including the documentation attached to the Complaint and Amended Complaint. The filings do not set forth sufficient facts to plausibly allege that Defendants are being deliberately indifferent to Mr. Davis's serious medical needs. This matter should be dismissed for failure to state a claim.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Davis failed to

5

state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Davis may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 10th day of February, 2015.

                                           /s/ John Johnston
                                           John Johnston
                                           United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.