IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BLAKE DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BATISTE, LEROY KIRKEGARD, DR. KOHUT, DR. SHAFFER, DR. EDWARDS, DR. FLYN, CATHY REDFERN, CHERYL BOLTON, and DR. PERONIEN,<br><br>Defendants. | CV 14–81–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations on February 10, 2015, recommending that this matter be dismissed. Plaintiff failed to timely object to the Findings and Recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir.

2000). There is no clear error in Judge Johnston's Findings and Recommendation and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

There is no clear error in Judge Johnston's finding that Davis failed to set forth sufficient facts to establish a serious medical need in his Amended Complaint. Davis makes only general references to a "deadly ellness (sic)." (Doc. 7 at 6.) Judge Johnston did not clearly err in finding that Davis failed to provide specific information regarding his symptoms, his requests for medical treatment, or the responses of medical personnel, even after being instructed to do so. Davis' vague allegations do not provide sufficient facts to allege a plausible claim of deliberate indifference. Lastly, there is no clear error in Judge Johnston's finding that Davis failed to make allegations sufficient to allege the personal participation of named defendants in the alleged violation of his constitutional rights.

On March 6, 2015 the Court received a notice of intent from Davis indicating his desire to appeal the Court's decision. Davis' notice is not considered a notice of appeal because it was filed before this Court's decision. If Davis wishes to appeal this Order, he must file a separate notice of appeal within thirty days. The record shows that the Amended Complaint is frivolous as it lacks

arguable substance in law or fact, as such, any appeal will not be taken in good faith. Fed.R.App.P. 24(a)(3)(A).

IT IS ORDERED that Judge Johnston's Findings and Recommendation (Doc. 8) are ADOPTED IN FULL. Plaintiff's claims are DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff has failed to state a claim upon which relief may be granted.

Dated this 11th day of March, 2015.

Dana L. Christensen, Chief Judge
United States District Court